IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HENRY RAY CAMPBELL,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ADVANCED CORE CONCEPTS, LLC,** )<br>)<br>)<br>**Defendant.** )<br>_____ ) | **CIVIL ACTION NO. 5:20-CV-360 (MTT)** |

## ORDER

Defendant Advanced Core Concepts, LLC ("ACC") has moved to dismiss Plaintiff Henry Ray Campbell's complaint. Doc. 4. The motion required the Court to consider matters outside of the pleadings, so the Court converted ACC's motion to one for summary judgment and ordered the parties to file supplemental briefs. Doc. 9. Because res judicata bars Campbell's claim, ACC's motion (Doc. 4) is **GRANTED**, and Campbell's complaint is **DISMISSED with prejudice**.

### I. BACKGROUND

Campbell again alleges that he was the victim of illegal retaliation when ACC terminated his employment on December 13, 2017. Doc. 1 at 7. Campbell alleges that he was terminated because of a complaint he had filed two days before his termination "with appropriate government officials under 10 U.S.C. § 2409 alleging Department of Defense contract mismanagement; Department of Defense contract ethics violations; abuse of authority related to Department of Defense contract; violation of rules/regulation related to Department of Defense contract." *Id.* Campbell brings this

suit pursuant to the Defense Contractor Whistleblower Protection Act ("DCWPA").[1]  *Id.* at 3.

This is but the latest lawsuit filed by Campbell in connection with his employment at ACC.[2]  Relevant here, on November 26, 2018, Campbell sued ACC, alleging his employment was terminated in retaliation for his complaints of age discrimination. *Campbell v. Advanced Core Concepts, LLC*, No. 5:18-cv-434-MTT (M.D. Ga.) ("*Campbell I*"), Doc. 1 at 3.  The Court granted summary judgment to ACC in *Campbell I* on September 10, 2020.  *Campbell I*, 2020 WL 5470139 (M.D. Ga. Sept. 10, 2020). Four days later Campbell filed this suit.  Doc. 1.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'"  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant

---

[1] The DCWPA states that "an employee of a contractor … may not be discharged … for disclosing … information that the employee reasonably believes is evidence of the following: Gross mismanagement of a Department of Defense contract or grant, a gross waste of Department funds, an abuse of authority relating to a Department contract or grant, or a violation of law, rule, or regulation related to a Department contract (including the competition for or negotiation of a contract) or grant."  10 U.S.C. § 2409(a).

[2] Campbell was previously employed with ACC, and he sued ACC in this Court following his termination in 2012.  Docs. 10-1 ¶ 3; 11-2 ¶ 3.  Summary judgment was granted to ACC.  *Campbell v. Advanced Core Consulting, Inc.*, 2016 WL 1241232 (M.D. Ga. Mar. 28, 2016); Docs. 10-1 ¶ 4; 11-2 ¶ 4.  Campbell was rehired by ACC in 2016.  Docs. 10-1 ¶ 5; 11-2 ¶ 5.  Following his termination in 2017, Campbell filed a defamation claim against ACC in the Magistrate Court of Houston County, a defamation claim against ACC in the Superior Court of Houston County, and an age discrimination claim against ACC in this Court.  Docs. 10-1 ¶¶ 19-21, 23; 11-2 ¶¶ 19-21, 23.

may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alterations in original) (quoting *Celotex*, 477 U.S. at 324).  Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324).  The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50).  Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2).  However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.  The

evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

ACC argues that Campbell's complaint is barred by res judicata. Doc. 10 at 3-5. ACC states that Campbell could have, and should have, raised his DCWPA claim in *Campbell I*. *Id*. Further, ACC argues that both the DCWPA claim and his prior age discrimination claim, the subject matter of *Campbell I*, "originate from his employment termination with ACC in 2017, and seek redress for alleged unlawful employment action; i.e., retaliation for complaining." *Id*. at 4. Therefore, according to ACC, despite the claims being brought under different statutes, the claims arise from the same facts, and res judicata applies. *Id.*

Res judicata, or claim preclusion, "'will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.'" *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (quoting *Israel Disc. Bank, Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992)). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999) (citation omitted). "Importantly, this bar pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (internal citation omitted).

Here, the parties do not dispute that the first three elements of res judicata apply. Doc. 11-1 at 9. *Campbell I* resulted in a prior decision rendered by a court of competent jurisdiction; the Court's summary judgment order was a final judgment on the merits; and the parties, Campbell and ACC, are identical in both suits. The first three elements are clearly satisfied. However, Campbell argues that because a different statute governs his current claim, it is not barred by res judicata. *Id.* at 10. Campbell also argues that at the time he filed suit in *Campbell I,* he had not yet exhausted his administrative remedies for his DCWPA claim and, therefore, could not have properly asserted that claim when he filed *Campbell I*. *Id.* at 11.

Although Campbell is correct that his current claim is brought under a different statute, that does not change the fact that Campbell could have brought it in his prior lawsuit. Both claims arise from the same alleged facts—ACC's adverse employment actions, including termination, in retaliation for protected activity. Doc. 1 at 6-8; *Campbell I*, No. 5:18-cv-434-MTT (M.D. Ga.), Doc. 1 at 7-10. For example, both complaints allege that ACC displayed discriminatory conduct during Campbell's employment; both complaints allege that Campbell received a harassing email from an ACC executive in September 2017; both complaints allege that Campbell was issued a letter of warning from ACC in October 2017; both complaints allege that Campbell filed an administrative complaint reporting ACC's conduct on December 11, 2017; and finally, both complaints allege that Campbell was terminated by ACC with the proffered reason of insubordination on December 13, 2017. *Campbell I*, No. 5:18-cv-434-MTT (M.D. Ga.), Doc. 1 at 7-10; Doc. 1 at 6-7. Clearly, both claims arose from the same facts.

In short, in *Campbell I*, Campbell sued ACC because of alleged adverse employment actions under one theory and was unsuccessful. He cannot bring a new suit under a new theory that seeks relief for the same adverse employment actions; the apple can only be bitten once.[3]

Campbell's administrative remedies argument fails even if the Court assumes that he had not yet exhausted those available remedies.[4] The Eleventh Circuit has held that res judicata bars claims that could have been brought in a prior lawsuit but for the plaintiff having not exhausted administrative remedies. *Jang*, 206 F.3d at 1149; *Davila*, 326 F.3d at 1187; *Hooker v. Sec'y., U.S. Dept. of Vet. Affairs*, 607 F. App'x 918, 922 (11th Cir. 2015) (stating that "a claim can be barred by res judicata even if a plaintiff has not received a right to sue letter (thus exhausting his administrative remedies), so long as the facts giving rise to both claims were in existence at the time he filed suit").

Although *Hooker* was an unpublished decision, its reasoning persuades the Court. There, the Circuit affirmed a district court's dismissal on res judicata grounds because "in both complaints, [the plaintiff] stated that the retaliation [he incurred]

---

[3] Or at least no more than five times, as ACC claims Campbell has done. Doc. 10 at 7 n.4.

[4] It appears, however, that Campbell had exhausted his administrative remedies for the DCWPA claim before filing *Campbell I* on November 26, 2018. Campbell filed a complaint with the Inspector General of the Department of Defense on January 12, 2018. Docs. 1 at 7; 11-3 at 16. However, before completing its investigation and filing a report, the office of the Inspector General closed Campbell's case on September 13, 2018 because he had filed a substantially similar complaint with the EEOC. Doc. 11-3 at 22. Significantly, that substantially similar EEOC claim that led the Inspector General to dismiss the complaint was Campbell's EEOC claim against ACC for his December 13, 2017 termination. Docs. 10-1 ¶¶ 14, 22; 11-2 ¶¶ 14, 22; 11-3 at 22. All this happened before Campbell filed *Campbell I*. Campbell appealed the Inspector General's dismissal, and in February 2019, the Eleventh Circuit concluded that it did not have jurisdiction over Campbell's appeal of the Inspector General's dismissal—the appeal that Campbell claims prevented him from timely asserting his DCWPA claim in *Campbell I*—and he should have filed his DCWPA claim in district court. Doc. 11-3 at 32. According to Campbell, he only acquired the right to file his DCWPA claim after his appeal was dismissed. Doc. 11-1 at 11. Even if the Court were to believe Campbell is right and the Eleventh Circuit is wrong about when he could file the DCWPA claim in district court, Campbell could have—and should have—sought to add the claim in *Campbell I*, which had not yet even entered discovery. Instead, Campbell filed this lawsuit a year and a half later, four days after the Court entered judgment in *Campbell I*.

included removal from his position." *Hooker,* 607 F. App'x at 921.  The plaintiff argued that the new claims were ones that "could not have been brought in either of his previous actions because he had not yet exhausted his administrative remedies." *Id.* at 922.  Nonetheless, the Circuit held that because the plaintiff "had been terminated in 2010 allegedly in retaliation for protected conduct, the facts giving rise to all of his claims existed when he filed [his first lawsuit] in 2011.  The claims he asserts in [his subsequent lawsuit] are, therefore, barred by res judicata." *Id.*

The similar facts in Campbell's case require a similar result.  In both his current complaint and the one in *Campbell I*, Campbell sought relief for alleged adverse employment actions that ACC took against him.  *Campbell I*, No. 5:18-cv-434-MTT (M.D. Ga.), Doc. 1 at 7-10; Doc. 1 at 6-7.  Even if Campbell had not yet exhausted his administrative remedies concerning his DCWPA claim, all the facts giving rise to that claim existed when he filed *Campbell I* in November 2018.  Accordingly, the DCWPA claim is barred by res judicata.

Finally, the Court notes what appears to be Campbell's gamesmanship.  As noted, even under his incorrect theory that he had not exhausted administrative remedies before filing *Campbell I*, those remedies were exhausted shortly after he filed that lawsuit.  Rather than amending his complaint to assert that claim, Campbell proceeded through discovery and, as far as the Court knows, did not disclose his intent to file another lawsuit in the event he lost in *Campbell I*.  That, coupled with his series of lawsuits against ACC, arguably suggests bad faith.  That, no doubt, is why ACC asks the Court to "order [Campbell] to reimburse [ACC for] their attorneys' fees[.]" Doc. 10 at 8.  But ACC does not state under what rule or statute it seeks attorney's fees.

Accordingly, ACC shall file within ten days of the entry of this Order any motion for sanctions it wishes to pursue.

## IV. CONCLUSION

For the reasons stated above, ACC's converted motion to dismiss (Doc. 4) is **GRANTED,** and Campbell's complaint (Doc. 1) is **DISMISSED with prejudice**.

**SO ORDERED**, this 9th day of April, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
