IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HENRY RAY CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-360 (MTT) |
| | ) |
| ADVANCED CORE CONCEPTS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendant Advanced Core Concepts, LLC ("ACC") has moved for attorney's fees against pro se plaintiff Henry Ray Campbell pursuant to the Court's inherent powers. Doc. 15. For the following reasons, that motion is **DENIED**.

**I. BACKGROUND**

Campbell filed a previous lawsuit on November 16, 2018, alleging that ACC terminated his employment in retaliation after he complained about age discrimination.[1] *Campbell v. Advanced Core Concepts, LLC* ("*Campbell I*"), 5:18-cv-434 (M.D. Ga.), Doc. 1. On September 10, 2020, the Court found that Campbell could not establish a prima facie case of retaliation, and even if he could, ACC had proffered a legitimate, nondiscriminatory reason for terminating Campbell that he could not show was pretextual. *Campbell I*, Doc. 28 at 14-26. Accordingly, summary judgment was granted

---

[1] Campbell had already filed other unsuccessful lawsuits against many of the same characters involved in *Campbell I*. Campbell previously filed a defamation suit against Jerome Jones, a defamation case against the United States, various defamation suits against ACC, and a whistleblower complaint against Jones. *Campbell I*, Docs. 21 at 31:15-32:24; 24-3 at 61-64, *Campbell v. Jones*, No. 5:18-cv-457-CHW (M.D. Ga.), Doc. 21.

to ACC, and judgment was entered against Campbell the next day. *Campbell I*, Docs. 28; 29.

The following Monday, Campbell filed this lawsuit ("*Campbell II*"). Doc. 1. Although *Campbell II* was brought under a different statute than *Campbell I*, the two cases arose from the same facts. Thus, on April 9, 2021, the Court dismissed *Campbell II* on res judicata grounds. Doc. 13 at 6 ("[I]n *Campbell I*, Campbell sued ACC because of alleged adverse employment actions under one theory and was unsuccessful. He cannot bring a new suit under a new theory that seeks relief for the same adverse employment actions; the apple can only be bitten once."). Campbell unsuccessfully appealed. Docs. 17; 21; 24. In its opinion affirming *Campbell II*'s dismissal, the Eleventh Circuit denied ACC's request for sanctions because Campbell had not been explicitly warned that his claims were frivolous. *Campbell v. Advanced Core Concepts, LLC*, 2022 WL 31480, *2 (11th Cir. Jan. 4, 2022); Doc. 21 at 5.

While *Campbell II* was pending in this Court, Campbell appealed the judgment in *Campbell I*. Doc. 31. However, Campbell dismissed that appeal on December 16, 2020 because "after weeks of research and several draft briefs [he] decided that … he cannot be reasonably effective in pursuing [the] appeal on his claim of retaliation under the ADEA statute." *Campbell v. Advanced Core Concepts, LLC*, *appeal dismissed*, No. 20-13863 (11th Cir. Dec. 22, 2020). But after *Campbell II* was dismissed by this Court four months later on res judicata grounds, Campbell tried to revive *Campbell I* by moving for relief from judgment based on fraud on the Court pursuant to Rule 60(b). *Campbell I*, Doc. 37. That motion was denied on August 31, 2021, which was affirmed on appeal. *Campbell v. Advanced Core Concepts, LLC*, 2022 WL 841581, at *3 (11th

Cir. Mar. 22, 2022); *Campbell I*, Doc. 49 at 9.  However, the Eleventh Circuit again denied ACC's motion for sanctions under Rule 38 of the Federal Rules of Appellate Procedure and stated that although Campbell's appeal "border[ed] on the frivolous, none of the special circumstances for awarding sanctions against a *pro se* party exist in this case."  *Id.*

In sum, after multiple lawsuits and appeals, Campbell's claims against ACC, properly brought or otherwise, appear to be finally exhausted.  All that remains in this case is ACC's motion for attorney's fees.  ACC moved for attorney's fees after the Court dismissed *Campbell II*.  ACC requests that the Court order Campbell to reimburse ACC "for their reasonable and necessary attorney's fees incurred as a result of [Campbell's] latest repetitive and vexatious suit[.]"  Doc. 15 at 1.  After the Eleventh Circuit affirmed *Campbell II*'s dismissal, the Court ordered Campbell to show cause why ACC's motion for attorney's fees should not be granted.  Doc. 25.

## II. STANDARD

> Federal courts possess certain "inherent powers" not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases*."  Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 (1991).  And one permissible sanction is an "assessment of attorney's fees" … instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side.

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017).  The "key to unlocking a court's inherent power is a finding of bad faith."  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).  "Bad faith exists when the court finds that a fraud has been practiced upon it, or 'that the temple of justice has been defiled,' or where a party

or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Martins v. Royal Caribbean Cruises, Ltd.*, 431 F. Suppp. 3d 1355, 1364 (S.D. Fla. 2019) (quoting *Chambers v. Nasco, Inc.*, 501 U.S. 32, 46 (1991)). And while pro se litigants are generally treated more leniently than parties represented by counsel, they still may be subjected to sanctions, including monetary sanctions. *Id.*; *Moon v. Newsome*, 863 F.3d 835 (11th Cir. 1989).

### III. DISCUSSION

ACC argues that Campbell's lawsuit was vexatious and harassing. Doc. 15 at 1, 3. ACC states that this lawsuit was Campbell's sixth attempt at seeking monetary damages based on the same facts and was "brought for an improper purpose to harass and cause unnecessary expense for [ACC] and the Court." *Id.* at 2.

In his response to the Court's show cause order, Campbell admits that he only filed *Campbell II* after the Court ruled against him in *Campbell I*. Doc. 26 at 2. Campbell states that he thought he could bring another lawsuit under a different statute to determine whether he was wrongfully terminated for a reason not based on retaliation for his ageism complaints. *Id.* He also admits that he did not understand legal concepts such as fraud on the court, manifest injustice, res judicata, or judicial estoppel. *Id.* Campbell also asserts that all his efforts were made in good faith and that he "tried to do the best [he] could with [his] extremely limited knowledge of civil rules and procedures." *Id.* at 3.

Based on his pro se status and admitted limited knowledge of the law, the Court cannot say that Campbell filed this lawsuit in bad faith. Although Campbell should have

brought this claim at the same time as *Campbell I*, he may have incorrectly, but in good faith, believed that he could file a new lawsuit based on a different statute. Moreover, based on Campbell's response to the Court's show cause order and his continued lack of success in litigation, it appears unlikely that he or others similarly situated would repeat this sort of conduct. Accordingly, ACC's motion for attorney's fees (Doc. 15) is **DENIED**.

### IV. CONCLUSION

In conclusion, Campbell has been incredibly litigious against his former employer over the last few years, and some of his arguments have been completely without merit. Moreover, based on the procedural history of this case, it appears that he has always had an improper trick up his sleeve if things didn't go his way. But because of his pro se status, his admitted misunderstanding of the law, and the low likelihood of him repeating this behavior, the Court finds that sanctions against Campbell are inappropriate.

**SO ORDERED**, this 14th day of July, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT